# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CASE NO. 5:19-CV-069-KDB-DCK

| | |
|---|---|
| **BARRY ROWLAND and DONNA ROWLAND,,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **CONSENT PROTECTIVE ORDER** |
| ) | |
| **GLOBAL FINANCIAL PRIVATE CAPITAL, LLC,** ) | |
| **MINNESOTA LIFE INSURANCE COMPANY,** ) | |
| **SANDY MORRIS FINANCIAL & ESTATE** ) | |
| **PLANNING SERVICES, LLC, GF INVESTMENT** ) | |
| **SERVICES, LLC, and SANDEVA O'BRYAN** ) | |
| **MORRIS, ,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Consent Motion For Entry Of Consent Protective Order" (Document No. 73) filed July 30, 2021. The parties' Protective Order is entered as follows.

It is hereby STIPULATED and AGREED between Plaintiffs Donna Rowland and Barry Rowland and Defendants Global Financial Private Capital, LLC, Minnesota Life Insurance Company, Sandy Morris Financial & Estate Planning Services, LLC, GF Investment Services, LLC, and Sandeva O'Bryan Morris (collectively "the Consenting Parties"), and it is hereby ORDERED by the Court, that the following terms and conditions shall govern the use and handling of Confidential Information and documents produced by the Consenting Parties in the above-captioned matter ("this Litigation"):

1. **Scope.** All documents and data, including electronically stored information, produced in the course of discovery, all responses to discovery requests, and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery shall

be subject to this Consent Protective Order (the "Protective Order").

2. **Purpose.** All documents, data, and information obtained through discovery in this Litigation shall be used only for the purpose of prosecuting or defending this Litigation.

3. **"Confidential Information" Defined.** "Confidential Information" shall mean any and all information produced in the course of discovery or trial that a party deems in good faith to contain proprietary, technical, financial, sensitive personal, or confidential research, development, or commercial information that is not publicly available.

4. **Access to Confidential Information.** Access to documents and information designated as CONFIDENTIAL shall be restricted to the following persons:

   (a) parties to this Litigation and the officers and employees of the parties who are directly participating in the prosecution or defense of this Litigation;

   (b) law firms of record of the parties to this Litigation and such firms' attorneys and staff;

   (c) any person specially employed or engaged in this Litigation by a party or its attorneys as an expert, consultant, or vendor;

   (d) the Court and its personnel;

   (e) court reporters and videographers retained to transcribe or record depositions and court proceedings in this matter;

   (f) any person(s) retained by the parties to mediate or arbitrate this matter;

   (g) any person who is indicated on the face of a document to have been an author, addressee, or recipient of the document, or the source of the information;

   (h) any person who is expected to testify as a witness either at a deposition or

court proceeding in this Litigation for the purpose of assisting in his/her preparation therefor or for the purpose of examining the person about the contents of the Confidential Information during the course of his/her deposition; and

(i) any other person as agreed upon by the parties to this action in writing or authorized by the Court.

Confidential Information shall not be disclosed to any of the persons referred to in subparagraphs (c), (g), (h) or (i) until such persons have been provided with a copy of this Protective Order and have agreed to be bound thereto by execution of a written statement to that effect (in the form attached hereto as Exhibit A). All such acknowledgments shall be retained by counsel for the Producing party and shall be subject to in camera review by the Court if good cause for review is demonstrated by any Party.

5. **Form and Timing of Designation.** The party wishing to designate the material (the "Producing Party") shall designate the whole or part of any documents as Confidential Information by stamping or imprinting the word CONFIDENTIAL upon every page of the produced copies of the document at the time of production. The party receiving the CONFIDENTIAL material shall be referred to as the "Receiving Party." Such designations shall be utilized in good faith and only in accordance with the definition of Confidential Information as described herein.

6. **Documents Produced by Non-Parties.** In the case of documents produced by non-parties pursuant to subpoena, a party wishing to designate such material as CONFIDENTIAL shall so notify counsel for all other parties in writing. If the party wishing to designate such material as CONFIDENTIAL is the party who served the subpoena, then counsel for that party

shall make such designation promptly upon receipt of the subpoenaed material, and shall thereafter promptly provide counsel for all other parties with copies of the subpoenaed material (including the material designated as CONFIDENTIAL). Counsel for any other party wishing to designate such material as CONFIDENTIAL shall be allowed to examine the subpoenaed material promptly upon receipt by counsel for the subpoenaing party and shall be allowed to designate any such material as CONFIDENTIAL prior to the release of the subpoenaed material to any person or party. Upon such designation, counsel for the subpoenaing party shall thereafter promptly provide counsel for all other parties with copies of the subpoenaed material (including that material designated as CONFIDENTIAL).

7. **Demands for Production by Non-Parties.** No CONFIDENTIAL materials or portions of such materials shall be disclosed to any governmental agency or otherwise made public, specifically including posting on the Internet, except in compliance with the terms of this Order. In the event the Receiving Party receives a demand, subpoena, or other request to produce any CONFIDENTIAL materials from any non-party, including any government agency or judicial body, the Receiving Party shall immediately notify the Producing Party or Producing Non-Party of the demand, subpoena, or other request, and shall not produce the requested materials without first giving the Producing Party or Producing Non-Party an opportunity to oppose the requested production.

8. **Inadvertent Production.** Inadvertent or unintentional production of documents without prior designation as CONFIDENTIAL shall not be deemed a waiver, in whole or in part,of the right to designate documents. In the event that the producing person inadvertently fails to designate discovery material as CONFIDENTIAL, it may make such a designation subsequently by notifying all parties to whom such discovery material was produced, in writing,

4

as soon as practicable. After receipt of such notification, the Consenting Party to whom production has beenmade shall treat the designated discovery material as Confidential subject to its right to dispute such designation in accordance with Paragraph 13 below.

9. **Effect on Attorney-Client Privilege and Work Product Immunity.** This order is entered subject to Federal Rule of Evidence 502(d).

> (a) The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal, state, or private proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).
>
> (b) The Producing Party must notify the Receiving Party promptly, in writing, upon discovery that a document containing privileged or work product material has been produced. Upon receiving written notice from the Producing Party that privileged or work product material has been produced, all such information shall be returned to the Producing Party within ten (10) business days of receipt of such notice, and the Receiving Party shall not use such information for any purpose until further Order of the Court. The Receiving Party shall also attempt, in good faith, to retrieve and return or destroy all copies of the documents in electronic format.
>
> (c) The Receiving Party may contest the privilege or work product designation by the Producing Party, shall give the Producing Party written notice of the reason for the disagreement, and shall be entitled to retain one copy of the

disputed document for use in resolving the dispute. However, the Receiving Party may not challenge the privilege or immunity claim by arguing that the disclosure itself is a waiver of any applicable privilege. In that instance, the Receiving Party shall, within thirty (30) business days from the initial notice by the Producing Party, seek an Order from the Court compelling production of the material. If no such Order is sought, upon expiration of the thirty (30) day period, then all copies of the disputed document shall be returned in accordance with this paragraph.

(d) Any analyses, memoranda or notes which were internally generated based upon such produced information shall immediately be placed in sealed envelopes and shall be destroyed in the event that: (a) the Receiving Party does not contest that the information is privileged; or (b) the Court rules that the information is privileged or work product. Such analyses, memoranda or notes may only be removed from the sealed envelopes and returned to its intended purpose in the event that: (a) the Producing Party agrees in writing that the information is not privileged or work product; or (b) the Court rules that the information is not privileged or work product.

10. **Depositions.** In the case of deposition testimony, CONFIDENTIAL designations may be made during the deposition and in any event shall be made within thirty (30) days after the final transcript has been received by counsel making the designation and shall specify the testimony being designated confidential by page and line number(s). The deposition testimony shall be treated as confidential until final designations are made within thirty (30) days after receipt of the final transcript.

6

Case 5:19-cv-00069-KDB-DCK   Document 74   Filed 08/02/21   Page 6 of 11

11. **Protection of Confidential Information.** Documents designated CONFIDENTIAL under this Protective Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified above for any purposes other than preparing for and conducting this Litigation in which the documents were disclosed (including any appeal).

12. **Filing and Use at Trial.** This Protective Order does not restrict or limit the use of documents designated as Confidential at any hearing or trial. However, the Parties agree that any paper filed with the Court is presumptively a public document and will follow the Federal Rules of Civil Procedure and this Court's local rules, including Local Rule 6.1, for sealing any documents containing designated information.

13. **Challenges to Designation as Confidential Information.** In the event counsel forthe party receiving materials designated as CONFIDENTIAL objects to the designation, said counsel shall advise the party producing the materials, in writing, preferably by electronic mail, of such objection and the reasons therefor. Pending resolution of the dispute, all of the materials shall be treated as designated. Counsel will attempt in good faith to resolve the dispute within five (5) business days. If the dispute cannot be resolved among counsel, the party objecting to the designation of adocument as CONFIDENTIAL may submit a motion objecting to such designation with the Court.The burden to sustain the designation CONFIDENTIAL is upon the designating party. Nothing in this Order shall be construed as preventing any party from objecting to the designation of any document as CONFIDENTIAL or preventing any party from seeking further protection for any material it produces in discovery.

14. **Scope of Discovery.** This Protective Order shall not enlarge or affect the proper scope of discovery in this Litigation, nor shall this Protective Order imply that discovery material designated as CONFIDENTIAL under the terms of this Protective Order is properly discoverable,

relevant, or admissible in this Litigation.

15. **Treatment on Conclusion of Litigation.** The Consenting Parties shall take such measures as are necessary to prevent the public disclosure of Confidential Information, through inadvertence or otherwise, after the conclusion of this Litigation. The terms of this Protective Order shall remain in effect following conclusion of the Litigation, subject to a final order of the Court on the completion of the Litigation addressing the ultimate disposition of Confidential Information.

16. **Return of Confidential Information.** Following the termination of this Litigation, whether by adjudication on the merits, settlement, or otherwise, upon written request of the Producing Party, all Confidential Information, and all copies thereof, all extracts, tabulations and compilations, thereof, in any form whatsoever, shall be returned to counsel for the Producing Party. Alternatively, the Consenting Parties may agree in writing upon appropriate methods of destroying documents containing Confidential Information. The ultimate disposition of Confidential Information is subject to a final order of the Court upon completion of this Litigation.

17. **Treatment of a Party's Own Confidential Materials.** Any Party may expressly waive in writing the applicability of any provision of this Order to any of the Party's own CONFIDENTIAL materials. The waiver will apply only to the CONFIDENTIAL materials, or to portions to which the applicability of any provision of this Protective Order is expressly waived. A partial waiver as to certain CONFIDENTIAL materials or portions does not constitute a waiver as to the remainder of the CONFIDENTIAL materials or portions.

18. **Order Subject to Modification.** This Protective Order shall be subject to modification on motion of any Consenting Party or any other person who may show an adequate

8

interest in the matter to intervene for purposes of addressing the scope and terms of this Protective Order. The Protective Order shall not, however, be modified until the Consenting Parties shall have been given reasonable notice and an opportunity to be heard on the modification.

19. **No Judicial Determination.** This Protective Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Protective Order shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL is subject to protection until such time as a document-specific ruling shall have been made.

20. **Persons Bound.** This Protective Order shall take effect when signed and filed by counsel for the parties and shall be binding upon those set out herein.

21. **Order Continuing.** This Order shall survive settlement, judgment, or other disposition or conclusion of this Litigation and all appeals therefrom and this Court shall retain continuing jurisdiction in order to enforce the terms of this Order. The ultimate disposition of any material produced hereunder shall be subject to a final order of the Court upon completion of the Litigation.

**SO ORDERED**.

Signed: July 30, 2021

David C. Keesler
United States Magistrate Judge

WE CONSENT:

/s/ Brooke A. Howard
Brooke A. Howard
N.C. State Bar No. 36584
HOWARD LAW, PLLC
111 Windel Drive, Suite 201
Raleigh, North Carolina 27609
Telephone: (919) 446-5193
Facsimile: (919) 882-9757
bah@howardlawpllc.com

James A. Roberts, III
N.C. State Bar No. 10495
Matthew D. Quinn
N.C. State Bar No. 40004
LEWIS & ROBERTS, PLLC
3700 Glenwood Avenue, Suite 410
Raleigh, North Carolina 27612
Telephone: (919) 981-0191
Facsimile: (919) 981-0199
jar@lewis-roberts.com
mdq@lewis-roberts.com

*Counsel for Plaintiffs*


/s/ Donald R. Pocock
Donald R. Pocock
N.C. State Bar No. 29393
Martin Warf
N.C. State Bar No. 32982
NELSON MULLINS RILEY &
SCARBOROUGH, LLP
380 Knollwood Street, Suite 530
Winston-Salem, NC 27103
Telephone: (336) 774-3324
Facsimile: (336) 774-3376
donald.pocock@nelsonmullins.com
martin.warf@nelsonmullins.com

*Counsel for Defendants Sandy Morris Financial & Estate Planning Services, LLC and Sandeva O'Bryan Morris*

/s/ Andrew L. Fitzgerald
Andrew L. Fitzgerald
FITZGERALD LITIGATION
119 Brookstown Avenue, Suite 402
Winston-Salem, NC 27101
Telephone: (336) 793-4365
Facsimile: (336) 793-4696
andy@fitzberaldlitigation.com

Peter B. King (admitted pro hac vice)
Kimberly A. Koves (admitted pro hac vice)
GUERRA KING P.A.
5505 W. Gray Street
Tampa, FL 33609
Telephone: (813) 347-5111
Facsimile: (813) 347-5198
pking@guerraking.com
kkoves@guerraking.com

*Counsel for Defendant Global Financial Private Capital, LLC*


/s/ Jonathan P. Heyl
Jonathan P. Heyl
N.C. State Bar No. 25559
Alexandra J. Hirsch
N.C. State Bar No. 47808
FOX ROTHSCHILD LLP
101 North Tryon Street, Suite 1300
Charlotte, NC 28246
Telephone: (704) 384-2600
Facsimile: (704) 384-2800
jheyl@foxrothschild.com
ahirsch@foxrothschild.com

*Attorneys for Defendant Minnesota Life Insurance Company*

**EXHIBIT A**

**ACKNOWLEDGMENT CONCERNING MATERIAL
COVERED BY A PROTECTIVE ORDER**

I, the undersigned, hereby acknowledge that I have read the attached Consent Protective Order entered in <u>Rowland, et al. v. Global Financial Private Capital, LLC</u>, United States District Court for the Western District of North Carolina, Case No. 5:19-CV-069-KDB-DCK, and understand the terms thereof and agree to be bound by all such terms. Without limiting the generality of the foregoing, I agree not to copy, disclose to, or discuss with any person or entity not authorized to receive Confidential Information pursuant to the terms of said Consent Protective Order, any document or any information designated as Confidential Information or any copies of extracts or information derived therefrom which has been disclosed to me. I further agree to use any Confidential Information disclosed to me in connection with the case solely for the purposes permitted under said Protective Order, and to return any Confidential Information to counsel for the producing party or destroy it within sixty (60) days of the conclusion of this litigation.

I understand that the use of any Confidential Information or document in any manner contrary to the provisions of the Consent Protective Order may subject me to sanctions of the Court and that I am subject to the jurisdiction of the United States District Court for the Western District of North Carolina for the purpose of enforcing said Consent Protective Order.

Date: _____  Signature: _____

Print Name: _____